## MONTGOMERY vs. RUSSELL.

An unliquidated demand cannot be pleaded in compensation, but may in reconvention.

A party propounding interrogatories, is not guilty of negligence in not procuring testimony to contradict the answers, before the answers are filed in court.

APPEAL from the court of the 6th district —the judge of said court presiding.

PORTER, J. delivered the opinion of the court. This case is composed of two suits which were consolidated in the district court. In both of them, the plaintiff's claim is founded on payments made by him as surety for the defendant in the state of Alabama.

The defence set up, is nearly the same in each action. The defendant denies the truth of the allegations contained in the petition:— Charges the plaintiff with having suffered judgment to be given against him by fraud and col-

lusion: and pleads various matters in compen-
sation and reconvention.

One of these suits was instituted in the month of March, 1827—the other in May, of the same year.  In the first the answer was filed at the May term.  In the second, in the month of June, time having been given in consequence of the absence of the defendant.

To both the answers a number of interrogatories were annexed.  Several of them were stricken out by an order of the court, and the plaintiff directed to reply to the rest.  His answers to them were filed in court on the 15th October.  The cause was tried at the November term following, and judgment given against the defendant, from which he appealed.

When the cause was called for trial, the defendant made oath, he could disprove several of the plaintiff's answers to the interrogatories, by witnesses residing in the state of Alabama: that he had used due diligence to procure their testimony: and that the application was not made for delay, but in order to obtain substantial justice.

The correctness of the opinion of the court below in refusing a continuance on this affidavit, is presented to us by a bill of exceptions.

Western Dis.
*October* 1828.

MONTGOME-
RY
*vs.*
RUSSELL.

The reasons given by the judge for ruling the defendant to trial, are : *first*, that the plaintiff's demand being liquidated, and that set up in compensation unliquidated, the plaintiff ought not be subjected to any further delay, as the one could not be a good defence to the other. And, *second*, that the commission and interrogatories of the defendant were not taken out of the office of the clerk, until the last days of October.

These objections have been urged at length in this court. They resolve themselves into two grounds: materiality of proof, and diligence in procuring it.

First as to materiality: The court below was correct in its opinion that the matters set up in the answer could not be offered in compensation. But they are pleaded not only in compensation, but in reconvention; and it was not necessary they should be liquidated, to enable the defendant to offer them as a defence in the mode last stated. This doctrine was established in the case of *Agaisse & al.* vs· *Guedron & al.* reported in *vol.* 2, 73; and the code of practice has made no change in it, tho' it has decided a question not clearly settled by the jurisprudence existing at the time of its

passage. It is now required, that the demand in reconvention must be connected with the main action. *Code of Practice.* 374 *a* 377.

We have therefore to enquire, whether the matters set up in defence were connected with the principal demand of the plaintiff?

It has been already stated that these actions have grown out of the plaintiff's being compelled to pay bonds which he signed as surety for the defendant. The answer avers the fact of property being placed in the hands of the plaintiff by the defendant, to pay his debts, and that the former has never accounted for it. It is also averred that one of these bonds was paid with money of the defendant, arising from the sale of part of this property.

Now we have no doubt, that if a principal on a bond, places property in the hands of his surety to indemnify him by the sale of it for the obligation he enters into, the latter cannot recover the money he has paid, without returning the objects so placed in his hands, or accounting for them. The demand in reconvention requiring him to do so, cannot be considered otherwise than connected, and that closely too with the action in which the principal is called on for reimbursement and indemnity.

Western Dis,
October 1828,

Montgome-
ry
*vs.*
Russell.

On examining the affidavit, we find the defendant swears he can disprove the answers of the plaintiff touching the property delivered to him, to pay the debts for which he had become responsible. Time should have been afforded to procure this proof.

The second ground is the want of diligence. The proof of it is alleged to exist in the neglect of the defendant to take out a commission before the last days of October. But in this we can discover no negligence. The *law* authorises parties litigant in our courts, to interrogate each other. The answers are taken as true, unless contradicted by two witnesses, or one witness, and strong corroborating circumstances. No duty was imposed on the defendant to get testimony of the fact which he expected to establish by the plaintiff's answer to the interrogatories, until these interrogatories were returned, because under the oath he had made of their materiality, we are bound to believe he considered they would be answered in such a way as would aid him in his defence. The filing of interrogatories is in many instances the exercise of the greatest diligence, the party propounding them can exhibit, for the facts to be proved by them are

frequently established sooner in that way,
than they can be in any other.

On the whole we think the defendant laid good legal grounds for a continuance. It was the first term after the case had been at issue. The answers to the interrogatories had not been filed until a short time before the term at which the cause was tried, and the witnesses lived in another state. We cannot enter into the injustice of the course alleged to be pursued by the defendant, nor into the injury the plaintiff may sustain by the delay. Until the merits of a case are examined, all the parties to it stand before the court with the presumption of having equal justice and equity' and each have a right to every means of defence which the law affords.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed; and it is further ordered, adjudged and decreed, that this case be remanded to the district court, to be proceeded in according to law, the appellee paying the costs of this appeal.

*Thomas* for the plaintiff—*Oakley & Scott* for the defendant.